United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-51217
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARTIN LEE BARRON, also known as
Martin Barron; CHRYSTAL MICHELLE KEVIL,

Defendants - Appellants.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. W-03-CR-39-3
_____

Before JOLLY, DENNIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Martin Lee Barron and Chrystal Michelle Kevil appeal the sentences imposed pursuant to their conviction on drug possession charges. Specifically, they argue that the district court violated their Sixth Amendment rights as outlined in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), by enhancing their sentences based on a drug quantity related to a conspiracy charge on which the jury acquitted them.

Ultimately, this case turns on whether Barron and Kevil preserved their <u>Booker</u> argument in the district court. If the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error was not preserved, we will review the appellants' sentences for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). If the error was preserved, we will review the sentences for harmless error. See United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005).

We determine that an error is preserved if "the objection was specific enough to allow the trial court to take testimony, receive argument, or otherwise explore the issue raised." United States v. Burton, 126 F.3d 666, 673 (5th Cir. 1997). The responses of both the Government and the district court persuade us that the appellants' objections apprised the district court of their Booker argument. We therefore hold that the error was preserved, and we review the sentences for harmless error. The Government conceded at oral argument that it could not meet its burden to show "beyond a reasonable doubt that the error did not affect the outcome of the district court proceedings, i.e., that the district court would have imposed the same sentence absent the error." Pineiro, 410 F.3d at 286. There is nothing in this record that persuades us to the contrary. Accordingly, we hold that the error was not harmless. Therefore, the appellants' sentences are VACATED and the case is REMANDED to the district court for resentencing.

VACATED and REMANDED.